UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY EVERETT AND
PEGGY EVERETT,

               Plaintiffs,                   CIVIL ACTION NO. 11-11844

           v.                        DISTRICT JUDGE BERNARD A. FRIEDMAN

SHAHEEN, JACOBS & ROSS, P.C.      MAGISTRATE JUDGE MARK A. RANDON
AND MICHAEL THOMAS,

               Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS (DKT. NO. 6) AND TO DENY PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (DKT. NO. 10)**

       This is a consumer lending case.  Acting *pro se*, Plaintiffs Gregory and Peggy Everett

("Plaintiffs") brought this action asserting claims relating to their residential mortgage from TCF

National Bank ("TCF").  At some point, Plaintiffs defaulted in their payment obligations to TCF,

and those defaults resulted in TCF's foreclosure of Plaintiffs' mortgage.  Defendant Shaheen,

Jacobs & Ross, P.C. ("Defendant SJR") is the law firm hired by TCF to foreclose TCF's

mortgage.  Defendant Michael Thomas, Esq. ("Defendant Thomas") is the attorney in the

Defendant SJR law firm who handled this particular mortgage foreclosure file for TCF.

Plaintiffs' Complaint (Dkt. No. 1) pleads claims against Defendants SJR and Thomas

(collectively, "Defendants") primarily under the Fair Debt Collection Practices Act ("FDCPA").

       Presently before the Court is Defendants' motion to dismiss (Dkt. No. 6) and Plaintiff's

motion for summary judgment (Dkt. No. 10).  The Court held oral argument on Defendants'

motion to dismiss on July 12, 2011.  For the reasons set forth below, it is **RECOMMENDED**

that Defendants' motion to dismiss be **GRANTED** and that Plaintiffs' case be dismissed with prejudice. As such, it is further recommended that Plaintiffs' motion for summary judgment be **DENIED, AS MOOT**. Accordingly, the October 12, 2011 hearing on Plaintiffs' motion for summary judgment is hereby **CANCELLED**.

## I. <u>FACTS</u>

### *A. Background*

Plaintiffs took out a mortgage loan from TCF. This loan is evidenced by a Real Estate And Non-Real Estate Secured And Unsecured Fixed Or Variable Rate Note And Security Agreement Closed End, dated September 9, 2005, in the face amount of $288,000 (the "Promissory Note") and a Consumer Loan Mortgage, also dated September 9, 2005, and recorded on September 19, 2005 in Liber 17136, Page 59, Macomb County Records (the "Mortgage"). The Mortgage pertained to real property commonly known as 52330 Cedar Mill Drive, Macomb, Michigan 48042 (the "Property"). At some point, Plaintiffs defaulted on their payment obligations to TCF under the Mortgage. Following Plaintiffs' default, TCF hired Defendant SJR to represent TCF in its foreclosure of the Mortgage. Defendant Thomas is the attorney from Defendant SJR representing TCF on the firm's behalf.

In connection with its representation of TCF, Defendant SJR sent two letters to Plaintiffs dated November 30, 2011. Copies of these letters are attached to Plaintiffs' Complaint (Dkt. 1) as Exhibits "X-I" and "X-2." Each letter advised Plaintiffs that Defendant SJR was representing TCF. One of the November 30, 2011 letters (Dkt. 1; Ex. "X-2"), among other things, advised Plaintiffs of their default under the Promissory Note and Mortgage (the "Default Letter"). The other letter (Dkt. 1; Ex. "X-1"), among other things, advised the Plaintiffs of their right to meet

with TCF to discuss a possible loan modification in lieu of foreclosure, as provided for under

MCL § 600.3205a (the "600.3205a Letter").  Each of the letters makes clear that the loan at issue

was held by TCF and that Defendant SJR was merely representing TCF.  Indeed, each of the

November 30, 2010 letters states:

> Please be advised that our office represents TCF National Bank.  Shaheen,
> Jacobs & Ross, P.C. is a debt collector. This letter seeks to collect a debt and
> any information obtained will be used to collect that debt.  Our client has
> informed us that it holds a promissory note dated September 9, 2005, in the
> face amount of $288,000 secured by a Mortgage covering premises at 52330
> Cedar Mill Drive, Macomb, Michigan 48042.

Exhibits "X-I" and "X-2" to Plaintiffs' Complaint.

Following the November 30, 2011 letters, Plaintiffs, by a letter sent to TCF dated

December 10, 2010, requested to meet with a TCF representative (for the purpose, under MCL §

600.3205a, of discussing a modification of the loan).  Plaintiffs also requested that the debt be

"validated."  In particular, Plaintiffs sought evidence of the ownership of the debt (Ex. "H" to

Plaintiffs' Complaint; *see also*, Ex. "P" to Plaintiffs' Complaint).  Following a meeting between

Plaintiffs and TCF representatives, on February 14, 2011, Defendant SJR sent Plaintiffs a copy of

the Promissory Note and Mortgage evidencing Plaintiffs' obligations to TCF and also further

identifying TCF as the original creditor and the current creditor (Exs. "R," "S" and "W" to the

Complaint).  By correspondence dated February 17, 2011 (Ex. "H" to Plaintiffs' Complaint),

Plaintiffs acknowledged receipt of Defendant SJR's February 14, 2011 letter.

### B.  Procedural History

Plaintiffs commenced this action on May 4, 2011 – a couple of weeks after the

foreclosure sale.  Plaintiffs' Complaint consists of fifteen pages of unnumbered paragraphs.  The

over-riding theme of the Complaint is Plaintiffs' contention that Defendant SJR had no right to

represent TCF because Defendant SJR did not have an ownership interest in the Promissory Note

or the Mortgage.  The documents attached to Plaintiffs' Complaint show that the primary

contention of Plaintiffs is that Defendants SJR and Thomas were required to provide evidence

that *Defendants* held an ownership in the debt.

Plaintiffs' Complaint contains eleven sections which bear headings labeled Count

I through Count XI.  Counts I, III, VII, VIII, IX and X, are all founded on Plaintiffs' allegations

as to the ownership of the Promissory Note and Mortgage.  As to the five separate remaining

sections:  Count II alleges that Defendant SJR was required – in its 600.3205a Letter – to provide

Plaintiffs with a breakdown of the delinquent debt; Count IV alleges that Defendants did not

validate the alleged debt (pursuant to Plaintiffs' requests for validation); Count V alleges that

Defendant SJR was required to undertake its own investigation to verify information provided by

TCF, by obtaining from TCF the "original" Promissory Note (rather than a copy thereof); Count

VI alleges that there was a difference in balance due as stated in the Default Letter and the

Foreclosure Notice; and Count XI alleges that law firms formed as professional service

corporations are not permitted to act as debt collectors.

## II. <u>ANALYSIS</u>

### *A.     Standard of Review*

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim

upon which relief can be granted.  As the Supreme Court has recently made clear, "to survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a

claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

(holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."), quoting *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Although the pleader is given the benefit of the doubt as to inferences that can be derived from the allegations, that deference "does not extend to facts which are not 'well-pleaded.'" *Greenberg v. Compuware Corp.*, 889 F.Supp.1012, 1015-1016 (E.D. Mich. 1995).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for the plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Plaintiffs' Complaint Fails To State A Claim Under The FDCPA

The FDCPA defines a debt collector as follows: "Any person who uses any instrumentality of interstate commerce or the mails in any business the principle of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,

-5-

debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In several decisions, judges in the Eastern District of Michigan have held that "[a]ttorneys who merely represent creditors and do not send demand letters to debtors do not act as 'debt collectors' under the FDCPA." *Waller v. Life Bank*, 2007 WL 3104917 (E.D. Mich. 2007) (Duggan, J.); *Williams v. Trott*, 822 F.Supp. 1266, 1268–69 (E.D. Mich. 1993) (Edmunds, J.); *TerMarsch v. Fabrizio & Brook, P.C.*, 2006 WL 3313744 (E.D. Mich. 2006) (Duggan, J.); *McCall v. GMAC Mort. Corp.*, 2007 WL 1201535 (E.D. Mich. 2007) (Feikens, J.); *Mabry v. Ameriquest Mort. Co.*, 2010 WL 1052353 (E.D. Mich. 2010) (Whalen, M.J.). Letters virtually identical to the 600.3205a Letter sent by Defendant SJR to Plaintiffs in this case have been held not to be "demand" letters under the FDCPA. *See Claxton v. Orlans & Assoc.*, 2010 WL 33855230, *3 (E.D. Mich.2010) (Cox, J.). Thus, the 600.3205a Letter sent by Defendants to Plaintiff does not fall within the ambit of the FDCPA. However, the Default Letter (Dkt. 1; Ex. X-2) sent by Defendants to Plaintiff clearly **does** demand payment. Indeed, this letter states: "Demand is hereby made upon you to immediately pay to TCF National Bank the total sum of $198,929.70 plus all interest and attorney's fees as shall accrue from the date hereof" (Dkt. No. 1; Ex. X-2). Thus, this letter arguably falls under the ambit of the FDCPA.

The fact that the Default Letter appears to be a "demand" letter for purposes of the FDCPA does not, however, save Plaintiffs' FDCPA claims. Even if Defendant SJR were deemed a debt collector under the FDCPA, the documents attached to Plaintiffs' Complaint demonstrate that Defendants fully complied with the FDCPA's verification requirements. According to 15 U.S.C. § 1692g(b):

> If the [borrower] notifies the debt collector in writing within the thirty-day period
> described in subsection (a) that the debt, or any portion thereof, is disputed, or that
> the [debtor] requests the name and address of the original creditor, the debt
> collector shall cease collection of the debt ... until the debt collector obtains
> verification of the debt or a copy of a judgment, or the name and address of the
> [mortgagee], and a copy of such verification or judgment, or name and address of
> the [mortgagee], is mailed to the [borrower] by the debt collector.

Therefore, a person that satisfies the definition of "debt collector" must confirm "in writing that the amount being demanded is what the [mortgagee] is claiming is owed." *Mabry v. Ameriquest Mortg. Co.*, 2010 WL 1052353 (E.D. Mich. 2010) (Whalen, M.J.) (citations omitted).

"[V]erification is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." But, there is no duty to forward "copies of bills or other detailed evidence of the debt." *Rudek v. Frederick J. Hanna & Assocs., P.C.*, 2009 WL 385804 (E.D. Tenn. 2009), citing, *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). *Id.* For example, a debtor collector's response to a request to validate a borrower's debt complied with § 1692g(b) when it consisted of the borrower's name, the property address, origination date, loan amount, the current mortgagee and its address, and the original mortgagee and its address. *Mabry*, 2010 WL 1052353.

In this matter, Defendant SJR responded to Plaintiffs' request for verification of the debt by sending Plaintiffs a copy of the Promissory Note and Mortgage evidencing Plaintiffs' obligations to TCF and also further identifying TCF as the original creditor and the current creditor (Dkt. 1; Exs. "R," "S" and "W"). This response from Defendant SJR was enough to comply with the FDCPA's verification requirements. Defendants were not required to provide further detail concerning the debt at issue.

In sum, to the extent that each of Plaintiffs' "Counts" rely on the FDCPA, such claims fail as a matter of law and should be dismissed.

### C. Counts I, III, VII, VIII, IX and X Do Not State a Viable Theory of Relief

The sections of Plaintiffs' Complaint bearing the headings Count I, Count III, Count VII, Count VIII, Count IX, and Count X (collectively, "Ownership Counts") are all founded on Plaintiffs' allegations as to the ownership of the Promissory Note and Mortgage.  All of the Ownership Counts repetitively allege that Defendant SJR was deceptive because it did not provide evidence that it (as opposed to TCF) held an ownership interest in the debt.

It is clear, however, that at all times Defendant SJR represented to Plaintiffs that the debt was held by TCF and that Defendant SJR was merely representing TCF.  Each of the November 30, 2010 letters sent by Defendant SJR begins by stating, "Please be advised that our office represents TCF National Bank..."  (Dkt. No. 1; Exs. "X-I" and "X-2").  In fact, in the Complaint, Plaintiffs routinely refer to TCF as the "creditor" and as Defendants' "client," and Plaintiffs specifically allege that Defendants "have insisted that the creditor owns and holds the alleged note and have assigned nothing to any party entity" (Dkt. No. 1; Compl., p. 11).  Plaintiffs acknowledge that Defendant SJR is a law firm and that Defendant Thomas is an attorney, and further acknowledge that a creditor can enforce its collection rights through its legal counsel (Dkt. No. 1; Compl., pp. 3, 10).  Accordingly, the documents attached to Plaintiffs' Complaint and Plaintiffs' allegations confirm that TCF held the debt and that Defendants were merely representing TCF as legal counsel.  Nothing in Plaintiffs' allegations could conceivably support a finding that Plaintiffs were deceived in any way as to the owner of the underlying indebtedness.

-8-

Furthermore, there is nothing untoward about a law firm representing a lender in foreclosure proceedings. In fact, MCL § 600.2431(2) permits attorneys to recover fees when they are employed by a lender to foreclose a mortgage by advertisement. In sum, the Counts in Plaintiffs' Complaint asserting claims relating to Defendants' inability to foreclose the Mortgage because Defendants did not "own" the debt fail to state a claim upon which relief can be granted and should be dismissed.

### D. Count II Fails To State A Claim

Count II alleges that Defendant SJR was required, in the 600.3205a Letter, to provide Plaintiffs with a breakdown of the delinquent debt stated therein. The 600.3205a Letter conspicuously states that it is provided pursuant to MCL § 600.3205a, as it states on its first page that "Pursuant to MCLA 600.3205a you are hereby notified of the following..." (Dkt. No. 1; Ex. X-I). Section 600.3205a provides for notice to a residential mortgage loan borrower, prior to the commencement of foreclosure proceedings, to allow a borrower an opportunity to meet with a creditor to discuss a modification to the mortgage loan terms. Section 600.3205a requires that a foreclosing party provide a borrower various notifications, however, it does not require that the amount owed by a borrower be itemized. As such, Count II fails to state a claim upon which relief can be granted and should be dismissed.

### E. Count IV Fails To State A Claim

Count IV alleges that Defendants have not validated the alleged debt (pursuant to their requests for validation of the real patty in interest). As discussed above, the exhibits attached to Plaintiffs' Complaint confirm that Plaintiffs were provided with sufficient validation. The section of Plaintiffs Complaint entitled Count X, makes clear that the "validation" sought by

Plaintiffs concerned the ownership of the debt (Compl., p. 12). In an effort to satisfy Plaintiffs'
inquiry, Defendant SJR provided Plaintiffs with a copy of the Promissory Note and Mortgage and
told Plaintiffs in no uncertain terms that "TCF Bank is still the holder of the note and loan" –
Plaintiffs acknowledged receiving Defendant SJR's correspondence (Compl. Exhibits "H," "R,"
and "S"). There is no judgment (as there was no litigation) and an accounting would not have
addressed Plaintiffs' inquiry as to ownership (nor is a full accounting even required).
Accordingly, the best manner of validating the owner of the indebtedness was by way of the
Promissory Note and Mortgage – which Defendants provided to Plaintiffs. In sum, Count IV
fails to state a claim upon which relief can be granted and should be dismissed.

### F.  Count V Fails To State A Claim

Count V alleges that Defendant SJR was required to undertake its own investigation to
verify information provided by TCF by obtaining from TCF the original Promissory Note (rather
than a copy). Defendant SJR can rely on information provided to it by its client and it does not
have to do an independent investigation. *See Smith* v. *Transworld Systems, Inc,* 953 F.2d 1025,
1032 (6th Cir. 1992) (in reference to the FDCPA, stating "[t]he statute does not require an
independent investigation of the debt referred for collection"). TCF provided copies of the
Promissory Note and Mortgage to Defendant SJR and the documents attached to Plaintiffs'
Complaint demonstrate that Defendant SJR furnished Plaintiffs with copies of those documents.
Count V fails to state a viable claim and should be dismissed.

### G. Count VI Fails To State A Claim

Count VI alleges that there was a difference in balance due as stated in the Default Letter
and the Foreclosure Notice. While there is a difference in the figures stated in the Default Letter

-10-

and Foreclosure Notice, Plaintiffs do not allege that either amount is incorrect.  In fact, Plaintiffs admit in their Complaint that "the alleged debt is not in question" (Dkt. No. 1; Compl., p. 4).  As such, Count VI fails to state a claim and should be dismissed.

### H.  Count XI Fails To State A Claim

Count XI alleges that law firms formed as professional service corporations are not permitted to act as debt collectors.  Contrary to Plaintiffs' allegations, law firms formed as professional service corporations are permitted to represent clients in foreclosure and collection matters.  Plaintiffs have not cited any law to the contrary and the undersigned is not aware of any.  As such, Count XI fails to state a viable claim and should be dismissed.

### III.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants Shaheen, Jacobs & Ross, P.C., and Michael Thomas's motion to dismiss (Dkt. No. 6) be **GRANTED** and that Plaintiffs Gregory and Peggy Everett's motion for summary judgment (Dkt. No. 10) be **DENIED AS MOOT**.  Plaintiffs' case against Defendants should be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.

-11-

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated:  September 27, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, September 27, 2011, electronically and by first class U. S. Mail.*

*s/Barbara M. Radke*<br>
*Judicial Assistant to*<br>
*Magistrate Judge Mark A. Randon*

Copy mailed to:
Gregory Everett and Peggy Everett
52330 Cedar Mill Drive
Macomb Township, MI 48042